IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| PATTY JO FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 110918N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff filed her Complaint on August 11, 2011, challenging Defendant's disallowance of the four dependents she claimed for the 2007 tax year. Defendant subsequently agreed that Plaintiff's boyfriend should be allowed as a dependent for the 2007 tax year. Defendant's authorized representative, Kevin Cole (Cole), Tax Auditor, confirmed at trial that Plaintiff's boyfriend should be allowed as a dependent for the 2007 tax year. The parties continue to disagree whether Plaintiff's two adult children and grandchild may be allowed as Plaintiff's dependents for the 2007 tax year.

A trial was held in this matter on July 3, 2012, in the Tax Court Mediation Center. Plaintiff appeared and testified on her own behalf. Debi Francis (Francis), Plaintiff's friend for over thirty years, and Joey Torgrimson (Torgrimson), Plaintiff's daughter, both testified on behalf of Plaintiff. Cole appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 through 7 were not timely exchanged under Tax Court Rule-Magistrate Division 10. However, Plaintiff's Exhibits were all previously provided to Defendant, and the court and Defendant agreed to the admission of Plaintiff's Exhibits 1 through 7. Defendant did not offer any exhibits.

/ / /

/ / /

## I.  STATEMENT OF FACTS

Plaintiff filed a 2007 Oregon income tax return.  (*See* Ptf's Ex 1.)  Based on "a report from [the] IRS * * * Defendant mailed Plaintiff a Notice of Deficiency on July 13, 2010," and a Notice of Deficiency Assessment was mailed on August 31, 2010.  (Def's Answer at 1.) "Plaintiff filed a 2007 amended return on August 16, 2010, agreeing with the adjustments and further increasing taxable income showing a tax due of $1,120.  During the processing of the amended return, [Defendant disallowed] Plaintiff's four dependents * * *." (*Id.*)  A Notice of Tax Assessment was mailed to Plaintiff on May 26, 2011.  (*Id.*)

At trial, Plaintiff testified that her two adult children, Nikolaus Torgrimson (Nikolaus) and Mindee Torgrimson (Mindee), as well as Mindee's daughter Naomi Williford (Naomi) lived with Plaintiff in her home during 2007.  Plaintiff testified that she financially supported Nikolaus, Mindee, and Naomi throughout 2007 and that these claimed dependents received no support from sources other than Plaintiff.

Plaintiff testified that Mindee and Naomi have been living with her since 2006.  Plaintiff testified that Mindee did not work during 2007 because of a variety of mental health issues. Plaintiff also testified that Nikolaus did not work during 2007 because of alcohol addiction,[1] and that, except for several 2-3 day periods when he "disappeared," Nikolaus lived with Plaintiff throughout 2007.  Plaintiff further testified that neither Mindee nor Nikolaus filed income tax returns for 2007[2] and that neither received unemployment or food stamps during that year.  Cole testified that he did not find 2007 Oregon employment records for Nikolaus or Mindee but added

---

[1] Plaintiff submitted two 2010 certificates of completion for Nikolaus's treatment for substance abuse to confirm his addiction and recovery.  (*See* Ptf's Ex 4.)

[2] Defendant was unable to verify whether Nikolaus or Mindee filed income tax returns for 2007 due to record confidentiality.

that he did not have access to out-of-state employment records and that Oregon records would not show cash income received.

Plaintiff testified that to her knowledge, Mindee, Naomi, and Nikolaus were not on the Oregon Health Plan in 2007, nor were they on Plaintiff's health insurance plan. Plaintiff testified that Naomi's father was homeless and unemployed in 2007 and did not provide any monetary support to Mindee or Naomi. Plaintiff testified that Naomi was home-schooled during 2007 and therefore does not have school records for that year.

At trial, Plaintiff presented testimony from two witnesses to corroborate that Plaintiff had provided over one-half of her claimed dependents' support in 2007. Testimony given by both Francis and Torgrimson supported Plaintiff's testimony that she was the sole support for Nikolaus, Mindee, and Naomi and that all three lived with Plaintiff in her home. Both witnesses also provided testimony confirming Nikolaus's alcohol dependency and Mindee's mental health issues. Cole questioned whether Francis or Torgrimson had specifically asked Nikolaus or Mindee if either had received income or support from a source other than Plaintiff in 2007. Francis and Torgrimson testified that they had not, but both stated that they would have known if Nikolaus or Mindee were employed during that year.

Both Plaintiff and Francis testified that Plaintiff has been creating weekly spending plans since the late 1990s to help manage her household expenditures and that Plaintiff and Francis met regularly in 2007 to discuss those plans. Francis testified that Nikolaus, Mindee, and Naomi were included in Plaintiff's spending plans in 2007. The spending plans were not submitted to the court, although Plaintiff testified that she has kept copies of the plans. Plaintiff provided bank statements and check stubs showing payments for a mortgage, property taxes, phone, water/sewer, electricity, and food. (Ptf's Ex 6.) Plaintiff did not submit receipts or other

documentation to demonstrate specific payments for food, clothing, medical or other expenses for Nikolaus, Mindee, or Naomi.

## II. ANALYSIS

As this court has previously noted, it was the Oregon legislature's intention "to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law." *Ellison v. Dept. of Rev.,* TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005) (citing ORS 316.007). As a result, the legislature adopted, by reference, the federal definition for dependents, including those allowed under section 152 of the IRC. ORS 316.007.[3] IRC section 152(a) generally defines dependent to mean a "qualifying child, or * * * a qualifying relative." The distinction between the two categories is important because, although taxpayers must prove that they have provided more than one-half of a qualifying relative's support for the calendar year, taxpayers need not prove that they have similarly supported their qualifying children. *See id.* §§ 152(c), 152(d)(1)(C).

ORS 305.427 places the burden of proof upon the party seeking affirmative relief before the tax court, and a preponderance of the evidence is required to sustain the burden of proof. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue.*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). In this case, Plaintiff seeks affirmative relief and therefore bears the burden of proof. In order to prevail, Plaintiff must establish all the elements of her case by a preponderance of the evidence.

---

[3] All references to the Oregon Revised Statutes (ORS) and the Internal Revenue Code (IRC) are to 2005.

A.    *Qualifying child*

The first issue before the court is whether Plaintiff may claim her granddaughter Naomi as a dependent for 2007. Under IRC section 152, a "qualifying child" is someone: (1) who is the taxpayer's child, or sibling, or the descendant of the taxpayer's child or sibling; (2) "who has the same principal place of abode as the taxpayer for more than one-half of such taxable year"; (3) who is under age 19 or a student under age 24; (4) who has not provided over one-half of his or her own support for the appropriate year; and (5) who has not filed a joint return with a spouse during the appropriate year. In the case where two or more taxpayers may claim the same person as a qualifying child, priority is given to parents over more distant relatives. IRC § 152(c)(4). However, where a parent does not claim a qualifying child, that child may be claimed by another relative for whom he or she is a qualifying child, including grandparents. IRC § 152(c)(2).

As Naomi's mother, Mindee could have claimed Naomi as a qualifying child for 2007. However, Plaintiff testified that Mindee did not a file a return in 2007 and therefore did not claim Naomi as a dependent. No evidence was presented regarding whether or not Naomi's father claimed her in 2007, but Plaintiff testified that Naomi's father was homeless and unemployed during that year. Defendant conceded at trial that if Plaintiff established that Naomi lived with her during 2007, Plaintiff could claim Naomi as a dependent. Plaintiff, Francis, and Torgrimson each testified that Naomi lived with Plaintiff throughout 2007 and was home-schooled during that year in part because of Mindee's anxiety about placing Naomi in public school. The court found those witnesses to be credible. Plaintiff has proven the applicable elements of IRC § 152(c), as she has established that Naomi is her grandchild, that Naomi lived with Plaintiff for more than one-half of 2007, and that Naomi was only six years old at the beginning of 2007.

*See* Ptf's Exs 2, 3 (Naomi and Mindee's birth certificates). Therefore, Plaintiff may claim Naomi as a dependent for 2007.

B.   *Qualifying relative*

The second issue before the court is whether Plaintiff may claim Nikolaus and Mindee as dependents for 2007. Under IRC § 152(d), Plaintiff is able to claim an adult child as a "qualifying relative" if the claimed individual (A) is a child of taxpayer, (B) "whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d))," (C) for whom taxpayer provides over one-half of the support for the calendar year in which such taxable year begins, and (D) is not a qualifying child of the taxpayer or of any other taxpayer. IRC § 152(d)(1). In order for Plaintiff to prove that she provided over one-half of the individual in question's support, Plaintiff must prove the following: "the amount of support [she] provided to the individual in question; the individual in question's total household expenses for the year; any income earned by the individual in question or other household members; and whether anyone else furnished funds to the individual in question's household." *Palafox v. Dept. of Rev.*, TC-MD No 101263B, WL 5090343 at *3 (Oct 25, 2011). Applicable treasury regulations state information that must be considered to determine if an individual is a dependent:[4]

> "(2)(i) For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an

---

[4] Treasury regulations are the authoritative interpretation of the Internal Revenue Code so long as they are reasonable. *Cottage Sav. Ass'n v. Comm'r*, 499 US 554, 560-61, 111 SCt 1503, 113 LEd2d 589 (1991).

individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value.

"(ii) In computing the amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support, including income which is ordinarily excludable from gross income, such as benefits received under the Social Security Act * * *."

Treas Reg § 1.152-1.

Written documentation is typically necessary to prove claimed expenses by a preponderance of the evidence. *See, e.g., Gutierrez v. Dept. of Rev.,* TC-MD No 100160D, WL 4132643 at *2 (Oct 21, 2010) (without written documentation the court was unable to find that the taxpayer was entitled to her claimed dependents). Here, Plaintiff offered little written documentation to support her claim. Although she provided some evidence by way of bank statements and check stubs to show payments for a mortgage, property taxes, phone, water/sewer, electricity, and food, Plaintiff failed to substantiate that any of these payments were made to support her claimed dependents. (*See* Ptf's Ex 6.) Both mortgage payments and property taxes are due regardless of how many occupants live in a house, and Plaintiff offered no receipts or other documentation to show what, if any, portion of her other expenses resulted from supporting her dependents. Furthermore, Plaintiff provided no evidence of either Nikolaus or Mindee's living expenses for 2007. Plaintiff provided no evidence of the amount that she contributed to either Nikolaus or Mindee's living expenses for 2007. Plaintiff did not provide the court with a comparison of her expenditures from before and after Nikolaus or Mindee moved in to show an increase in her expenses. It is a well settled principle that "[d]eductions are strictly a matter of legislative grace, and a taxpayer must meet the specific statutory requirements for any deduction claimed." *Gapikia v. Comm'r*, 81 TCM (CCH) 1488, WL 337038 at *2 (2001) (citations omitted). Specifically, "[t]axpayers are required to maintain records sufficient to

substantiate their claimed deductions." *Id*. Plaintiff did not provide written documentation to substantiate her claim with respect to Mindee and Nikolaus.

At trial, Plaintiff and two witnesses testified in support of Plaintiff's claim. The court found all testimony to be credible and consistent, and no contradictory evidence was presented. In *Nah-Dzul v. Dept. of Rev.*, TC-MD No 101237C, WL 6288000 at *4-5 (Dec 1, 2011), when Plaintiffs failed to provide independent written documentation to corroborate their claimed dependents' total income for the year, Defendant argued that supplemental testimony was insufficient to prove that Plaintiffs supplied over one-half of the claimed dependants' support. The court disagreed and stated that "this narrow approach * * * is not an appropriate approach for the court to use in weighing all of the evidence presented. The court determines the credibility of the witnesses and the weight to be given to the sworn testimony in order to arrive at its decision." *Id.* at *4. Quoting *Carter v. Dept. of Rev.,* TC-MD No 080689C, WL 1351818 at *3 (Apr 30, 2009), the court further noted that "[w]ere it otherwise, there would be no point in a trial—the court could simply make a decision based on the written documentation." *Id.*

Even though there are no facts inconsistent with the sworn testimony of Plaintiff or her witnesses, Plaintiff nonetheless failed to meet her burden of proof as required by statute. Witness testimony supports Plaintiff's claim that Nikolaus and Mindee lived with her in 2007. However, none of the testimony addressed the amount of support Plaintiff provided to Nikolaus or Mindee or the support received by Nikolaus or Mindee from other sources, including support they provided themselves. Unfortunately, neither Nikolaus nor Mindee testified at trial, and Plaintiff's witnesses were only able to speculate, albeit with strong conviction, about Nikolaus and Mindee's lack of earned income or other sources of support during 2007. The witnesses were unable to substantiate their claims with anything other than insight derived from their

relationship with Plaintiff and her family. The court commends Plaintiff for caring for her children through difficult times. However, Plaintiff did not demonstrate, either through written documentation or witness testimony, that she provided over one-half of Nikolaus or Mindee's support in 2007. Therefore, Plaintiff may not claim them as dependents for the 2007 tax year.

### III. CONCLUSION

After carefully considering the testimony and evidence, the court concludes that Plaintiff may claim Naomi as a dependent for 2007. Naomi is a qualifying child who lived with Plaintiff and who was not claimed by anyone else. However, Plaintiff was unable to demonstrate that she provided over one-half of the support for Nikolaus or Mindee as required to claim them as qualifying relatives and therefore did not meet her burden of proof with respect to those claimed dependents. Now, therefore,

IT IS THE DECISION OF THIS COURT that, for the 2007 tax year, Plaintiff is allowed dependent exemptions for her granddaughter, Naomi, and for her boyfriend.

Dated this ___ day of September 2012.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on September 12, 2012. The Court filed and entered this document on September 12, 2012.*